UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. WESTON, | No. 2:17-cv-0384 CKD P |
| Plaintiff, | |
| v. | ORDER & |
| J. CLARK KELSO, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This action was originally filed in the Sacramento County Superior Court. Defendant Kelso removed it to federal court on February 21, 2017. See 28 U.S.C. § 1442(a).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Discussion

The sole named defendant in this action is J. Clark Kelso, the court-appointed Receiver for the prison health care system in Plata v. Schwarzenegger, C01-1391 TEH (N.D. Cal.). Like numerous other prisoner actions in this district, plaintiff's complaint concerns a May 16, 2016 "Notice of Data Breach" which informed inmates that, on February 25, 2016, a password-protected state laptop, possibly containing inmates' personal information, was stolen from a prison staffer's vehicle. (ECF No. 1 at 21.) Plaintiff claims this incident has put him at risk of having his confidential information misused, and that prison officials responsible for the incident have violated his legal rights.

Plaintiff is required to establish standing for each claim he asserts. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter

jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847 (9th Cir. 2001) (en banc). Here, plaintiff has not shown he has standing to sue because the complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff. Plaintiff alleges no actual misuse of his personal information stemming from the theft.

Insofar as plaintiff alleges that prison officials were negligent, mere negligence does not amount to a cause of action under § 1983.

For these reasons, the complaint fails to state a cognizable claim.

IV. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing and his allegations show only speculative injury. Because the complaint does not state a cognizable federal claim, the court lacks supplemental jurisdiction over any state law claims. As it appears amendment

would be futile, the undersigned will recommend that this action be dismissed without leave to amend.

V. <u>Motion to Dismiss</u>

Defendant Kelso has filed an unopposed motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) In conjunction with its recommendation that the complaint be dismissed for the reasons set forth above, the undersigned will recommend that defendant's motion be denied as moot.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 7) be denied as moot; and

2. The complaint be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / west0384.14.new

4